IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOHN SCHLAMP | * | |
| | * | |
| v. | * | Civil Action No. DKC 06 CV 1644 |
| | * | |
| ISMAEL CANALES et al. | * | |

## MEMORANDUM

Pending before the Court is Defendants' Motion to Bifurcate and Stay Discovery (Dkt. No. 37). Defendants request separate discovery and trial of claims against them pursuant to FED. R. CIV. P. 42(b), in the interest of avoiding prejudice and the possibly unnecessary trial of "inactive" Defendant Prince George's County, Maryland. Plaintiff opposes the motion on the grounds that a single trial would better serve the directive of FED. R. CIV. P. 1 that trials be speedy and inexpensive; that a stay of discovery would prejudice Plaintiff's ability to gather evidence; and that any prejudice to Defendants due to joint trial would be minimal and correctable through limiting instructions (Dkt. No. 44). For the following reasons, the motion will be granted.

The Court has broad discretion to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." FED. R. CIV. P. 42(b); *Dawson v. Prince George's County et al.*, 896 F.Supp. 537, 539 (D. Md. 1995) (citing *Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.1993)). The facts and circumstances of each case dictate whether bifurcation should be granted. *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319 (D. Md. 1991).

Judicial economy will be served by trying the claims against these Defendants separately. A local government may not be held liable for constitutional violations under 42 U.S.C. § 1983 absent a finding that its employee violated the plaintiff's rights. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Therefore, trial of the claim against Prince George's County will be unnecessary if the claim against Defendant Canales is unsuccessful. Moreover, issues decided in the course of the claim against Mr. Canales should not require relitigation against Prince George's County, as Mr. Canales shares counsel and identical interests with the County and is thus a "virtual representative" in privity with the County. *See, e.g., Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 650-53 (4th Cir. 2005) (discussing requirements for a finding of privity, which allows collateral estoppel to be used against a non-party to the prior proceeding). In sum, bifurcation of Plaintiff's claims may prevent unnecessary use of resources for discovery and trial, and will not create significant additional work for the parties or the Court.

In addition, a joint trial would pose an undue risk of prejudice to the individual defendant. A viable claim against a local government requires a showing that the employee who violated the plaintiff's rights was implementing a governmental policy, ordinance, or informal custom. *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91, 92, 94 (1978). Plaintiff will likely attempt to show that Prince George's County personnel have repeatedly committed illegal arrests and used false information against African American suspects in order to prevail on his claim against the County. Evidence of the County's alleged unconstitutional practices, irrelevant to Mr. Canales' individual liability, is likely to be unduly prejudicial to him. *C.f. Marryshow*, 139 F.R.D. at 320 (finding that "custom, practice, or policy" evidence of police brutality would

2

be highly prejudicial to individual Section 1983 defendant); *accord Gray v. Maryland,* 228 F. Supp.2d 628, 638 (D. MD. 2002); *Dawson,* 896 F.Supp. at 540.

Bifurcation is appropriate in this case, and discovery will be stayed as to the claim against Prince George's County until resolution of the claim against Mr. Canales.

_____/S/_____
JILLYN K. SCHULZE
United States Magistrate Judge